IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  No. CR 10-3284 WJ
                                                  [W.D. Tex. No. EP-06-CR-1646-FM]

CHESTER RAY WILLIAMS,

    Defendant.

MEMORANDUM OPINION AND ORDER OF TRANSFER

    This matter is before the Court on Defendant's Motion for Review of Otherwise Final Sentence (Doc. 5) filed on February 3, 2014. Defendant states that he is seeking a writ of error coram nobis. He attacks his criminal judgment as amounting to a false conviction that resulted, at least in part, from ineffective assistance of counsel. The Court will transfer the motion to the court where Defendant's criminal proceeding was held.

    Defendant was indicted and convicted for violations of 21 U.S.C. § 841 in the United States District Court for the Western District of Texas, El Paso Division. Judgment was originally entered on April 16, 2007 (TX Doc. 40). In a second amended judgment (TX Doc. 98) entered on April 1, 2010, Defendant was re-sentenced to time served. By order entered on December 1, 2010 (TX Doc. 100), the Texas court transferred jurisdiction of Defendant's supervised release to this Court. On July 13, 2011, this Court entered an order (Doc. 4) granting Defendant's motion for early termination of his supervised release. Approximately two and a half years later, Defendant filed the instant motion.

    Defendant must pursue coram nobis relief in the court that convicted and sentenced him. "Such a motion [coram nobis] is a step in the criminal case," *United States v. Morgan*, 346 U.S.

502, 505 n. 4 (1954), and must be presented to the court that entered the judgment, *see Cardall v. United States*, 599 F. Supp. 912, 914 n. 3 (D. Utah 1984) (finding that coram nobis motion was "properly filed and properly before this [sentencing] court."). "[A] petition for writ of error coram nobis should be docketed in the original criminal proceeding whose judgment is being challenged." *United States v. Tyler*, 413 F. Supp. 1403, 1405 (M.D. Fla. 1976) (citing *United States v. Marcello*, 202 F. Supp. 694, 696 (E.D. La. 1962)). This rule holds, even if the sentencing court has transferred jurisdiction of supervised release to another court. *See, e.g., Napoles v. United States*, 536 F.2d 722, 725-26 (7th Cir. 1976) (§ 2255 proceeding); *see also United States v. Condit*, 621 F.2d 1096 (10th Cir. 1980) ("the district court properly asserted jurisdiction over the attacks on its own proceedings."). The Court will therefore transfer Defendant's motion to the United States District Court for the Western District of Texas, El Paso Division, where the criminal proceeding was held.

IT IS THEREFORE ORDERED that the Clerk is directed to transfer Defendant's Motion for Review of Otherwise Final Sentence (Doc. 5) to the United States District Court for the Western District of Texas, El Paso Division.

_____
UNITED STATES DISTRICT JUDGE